Thomson, P. J.
The complaint of the plaintiff, John H. Holcomb, alleged that, on the 1st day of December, 1895, in- consideration of $700, in cash and promissory notes, Daniel H. DeBord and Mamie D. DeBord sold to him their livery and feed stable, their livery business, the good will of the same, and certain real estate, in the town of Moffat; and that, as part of the *162 transaction, they agreed that they would not directly or indirectly engage in the livery business in that town, or in its vicinity prior to the 1st day of December, 1898. It was further averred that, in violation of their agreement, they shortly afterwards engaged in the livery business in Moffat, and were then carrying it on, to the irreparable injury of the plaintiff. The complaint also alleged that the DeBords had transferred to L. D. Curtis the notes given by the plaintiff, or part of them, without consideration, and with knowledge, on his part, of the facts. The prayer was that the defendant Curtis be enjoined from collecting the notes in his hands, and that the defendants, DeBord, be enjoined from carrying on the livery business in the town of Moffat.
No summons was issued against Curtis, he entered no appearance, and there was no judgment against him. A temporary injunction was granted, restraining the defendants DeBord from carrying on the livery business at or near the town of Moffat, and upon the final hearing the injunction was made perpetual. The DeBords have brought the case to this court by appeal.
Although Curtis is mentioned in the abstract and briefs as one of the appellants, the use of his name as such is wholly unauthorized. He was never brought into court, he was never mentioned in the case except in the complaint, and no relief was pretended to be granted against him. He therefore has no connection with the case in this court.
The defendants DeBord filed separate answers, in which, among other things, they averred that the agreement set forth in the complaint, that they should not engage in the livery business at Moffat between the 1st day of December, 1895, and the 1st day of December, 1898, was not in writing, and that there was no note or memorandum of the agreement made in writing and signed by the defendants DeBord, or either of them. Demurrers were interposed, and sustained, to these defenses.
The sustaining of the demurrers gives rise to the only question in the case, and that is whether the agreement was *163 ■within the statute of frauds. The statutory provision affecting the question is that every agreement, not in writing, which, by its terms, is not to be performed within one year from the time when it is made, is void. General Statutes, sec. 1521. This agreement, by its terms, was not to be performed within one year from the time when it was made, and it was not in writing; it was therefore within the statute. But it is said that, as the contract was fully performed on the part of the plaintiff, the statute does not apply. Whether there was a consideration for this agreement, separate from that paid for the real estate, the business and the good will, does not clearly appear from the evidence; but the principle upon which courts of equity will sometimes enforce specific performance of contracts, notwithstanding the formalities required by the statute of frauds.have not been complied with, is not applicable to this class of cases. It is where the statute, which was designed to prevent fraud, is sought to be used for the purpose of the commission of a fraud, that equity affords relief. But the fraud against which equity will relieve, notwithstanding the statute, must consist of something more than the mere wrong of disavowing the contract; and as the act of the defendants amounted only to a violation of their agreement, it does not constitute a fraud of such a nature as would authorize a court of equity to disregard the statute. Browne on the Statute of Frauds, § 437 et seq. The defendants could not repudiate their contract and retain what they had received under it; hence the plaintiff could recover back what, if anything, he had paid as a special consideration for the agreement; or if the money had not been paid, and the defendants were insolvent, he could enjoin its collection. Apparently he undertook to do this by praying an injunction against the collection of his notes in Curtis’s hands. However, he did not follow Ins complaint with the acts necessary to secure the relief. But he was, not entitled to an injunction against the DeBords. Their agreement not to engage in business for three years *164 was within the statute, and void, whether the consideration was paid or not. Gottschalk v. Witter, 25 Ohio St. 76.
It was error to sustain the demurrers, and the judgment must be reversed.

Reversed.